**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DIMITAR KOVACHEV,** **Individually and on behalf of all others similarly situated,** | |
| **Plaintiff,** | **Case No. _____** |
| **v.** | **JURY TRIAL DEMANDED** |
| **PIZZA HUT, INC., FRANCHISE MANAGEMENT, INC., and FRANCHISE MANAGEMENT INVESTORS US, LLC,** | |
| **Defendants.** | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.      Plaintiff Dimitar Kovachev ("Plaintiff" or "Class Representative"), by his attorneys, alleges this collective action on behalf of himself and all others similarly situated, against defendants Pizza Hut, Inc. ("PHI"), and Franchise Management, Inc. and Franchise Management Investors US, LLC (together, "FMI") (PHI and FMI are collectively referred to herein as "Defendants"), and also as a class action complaint on behalf of himself and all others similarly situated in the State of Illinois (the "Class," as more fully defined below), against Defendants.

2.      The allegations of this Complaint are based upon: (a) Plaintiff's own personal knowledge; (b) Plaintiff's own acts and Defendants' acts and statements, of which Plaintiff has direct knowledge, including the communications with, representations made, and documentation and information provided to Plaintiff by Defendants in the ordinary course of business; and (c) the investigation of his counsel. Counsel's investigation conducted on Plaintiff's behalf, included, among other things: (i) an analysis of publicly-available news articles and reports; (ii)

a review and analysis of public filings, including but not limited to any by Defendants; (iii) other matters of public record; and (iv) research of the applicable law with respect to the claims asserted herein. The allegations as to all other matters are based on information and belief. In support of his Complaint, Plaintiff alleges as follows:

## I. <u>NATURE OF THE ACTION</u>

3.     This is a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and United States Department of Labor regulations, 29 C.F.R. §§ 531.35, 531.32 (c) and 778.271, on behalf of all employees or former employees of Defendants who worked as delivery drivers at Defendants' stores at any time during the three years prior to the filing of this Complaint (the "FLSA Collective Group" and the "Federal Claim Period")).

4.     Plaintiff alleges that Defendants violated Section 206 of the FLSA by failing to pay the required minimum wage to FLSA Collective Group members (the "FLSA Collective Claim"), failing to fully reimburse FLSA Collective Group members for the vehicle expenses FLSA Collective Group members incurred in the course of their delivery work, and, after March 2011, by paying FLSA Collective Group members the tipped minimum wage for periods of non-tipped work.

5.     This is also a class action, brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of present and former delivery drivers Defendants employed in the State of Illinois (the "Illinois Class" and "Illinois Class Members"), during the three years prior to the filing of this Complaint (the "Illinois Class Period"), to whom Defendants failed to pay the minimum wage under Illinois law by failing to reimburse Illinois Class Members for the full expense associated with the vehicles used by Illinois Class Members for deliveries of Defendants' product and by paying Illinois Class Members the tipped minimum wage for periods of non-tipped work. Defendants also made improper indirect deductions from the wages of its

drivers, including Illinois Class Members, by failing to fully reimburse them for the expenses related to their use of their vehicles for Defendants' business purposes.

6.     Defendants violated Illinois minimum wage law, 820 ILCS 105/4 (Schedule of minimum wages).  In addition, by not fully reimbursing their delivery drivers the full amount of their vehicle expenses, Defendants forced their drivers to pay for the equipment they used (their vehicles) for Defendants' benefit, and, thereby, made an improper deduction from the delivery drivers' compensation.   820 ILCS 115/9 (Deductions by employers from wages or final compensation prohibited; exceptions; disputes); 56 Ill. Adm. Code 300.850 (2012) (Equipment required by an Employer).

7.     As a result of Defendants' conduct, as described above and as more fully set forth below, Defendants unlawfully under-compensated Plaintiff and the other Illinois Class Members for their work.  Pursuant to 820 ILCS 105/12 (Civil action for underpayments), Plaintiff may, therefore, bring this action individually and on behalf of the other Illinois Class Members against Defendants for the amount of the underpayment of the minimum wage, as well as damages of 2% of the amount of any such underpayment for each month following the dates of payment during which such underpayments remain unpaid; and, under 815 ILCS 205/2, for damages of 5% per cent per annum on the amount owed.

## II.   JURISDICTION AND VENUE

8.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction of state law claims pursuant to 28 U.S.C. § 1367.

9.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and § 1391(c) because Plaintiff resides in this District, the named corporate defendants are licensed to do business in this District, and because many of the acts complained of occurred in this District.

### III.  PARTIES

*Plaintiff*

10.     Dimitar Kovachev worked for defendant PHI at its Arlington Heights, Illinois store, from April 2004 until September 2010.  Thereafter, until October 31, 2012, Mr. Kovachev worked for defendant FMI at the same Arlington Heights Pizza Hut location.  During the period of his employment by Defendants, Mr. Kovachev resided in Des Plaines, Cook County, Illinois where he still resides.

*Defendants*

11.     At all times relevant hereto, PHI was incorporated in the State of California with its executive offices in Plano, Texas; Defendant Franchise Management, Inc. was incorporated in New Brunswick, Canada with its executive offices in Woodstock, New Brunswick, Canada; and Defendant Franchise Management Investors US, LLC was a division of Franchise Management, Inc., organized as an LLC in the state of Delaware with its principal office in Delaware and operations throughout Illinois, among other states.

12.     PHI is a subsidiary and operating segment of Yum! Brands, Inc., a Delaware Corporation with its principal executive offices in Louisville, Kentucky. PHI owns and manages individual stores that sell, among other things, pizza, chicken wings, and beverages.  PHI also franchises some of its stores to franchisees such as FMI.  In connection with those sales to franchisees, PHI establishes policies designed to protect the Pizza Hut brand that its franchisees are required to follow.  Those policies include rules relating to employees.

13.     FMI is a Canadian corporation that owns 71 Pizza Hut franchises in the State of Illinois. Defendant Franchise Management Investors US LLC manages the FMI franchises in the State of Illinois.

14.     PHI is individually liable as employer of its own direct delivery driver employees as alleged herein.  FMI is individually liable as employer of its own direct delivery driver employees as alleged herein.  Both PHI and FMI are individually, jointly, and severally liable to Plaintiff and each FLSA Collective Group member and Illinois Class Member during the period of any such person's employment in Illinois by FMI because each Defendant directly or indirectly, or through an agent or any other person, employed or exercised control over the wages, hours, or working conditions of Plaintiff and each such FLSA Collective Group member and Illinois Class Member.

## IV.  FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff brings the FLSA Collective Claim for violation of 29 U.S.C. §§ 201, *et seq.*, and more specifically 29 U.S.C. § 206 (minimum wage law), and 29 C.F.R. §§ 531.35, 531.32 (c), and 778.217 (improper kickbacks forbidden).

16.     Under the FLSA minimum wage law, Defendants are forbidden from paying their employees less than the Federal minimum wage.

17.     Under the FLSA kickback regulations, the minimum wage requirements of the FLSA will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee.

18.     Defendants failed to pay Plaintiff and FLSA Collective Group members the Federal minimum wage by failing to reimburse Plaintiff and FLSA Collective Group members the full amount of their vehicle expenses incurred in the delivery of Defendants' products to Defendants' customers as described herein.

19.     Plaintiff and Federal Collective Group members were forced to improperly kick back a portion of their wages to Defendants by Defendants' failing to reimburse Plaintiff and

FLSA Collective Group members the full amount of their vehicle expenses incurred in the delivery of Defendants' products to Defendants' customers as described herein.

20.     Plaintiff brings the FLSA Collective Claim for violation of the FLSA as a collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collective Group.

21.     Plaintiff and FLSA Collective Group members are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendants' common practice, policy, or plan of unlawfully refusing to pay them the federal minimum wage in violation of the FLSA.

22.     The FLSA Collective Claim for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), since the claims of the Plaintiff are similar to the claims of the FLSA Collective Group members.

23.     The names and addresses of FLSA Collective Group members are available from Defendants, and notice should be provided to FLSA Collective Group members by First Class United States Mail, proper postage prepaid, to the last address known to their employer as soon as possible.

## V.  CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All delivery drivers who used their own vehicles when employed by Defendants
> in the State of Illinois at any time during the three years prior to the filing of this
> Complaint.

25.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

26.     **Numerosity – Fed. R. Civ. P. 23(a)(1)**.   In the State of Illinois, there are approximately 215 Pizza Hut stores, with FMI being the franchisee of 71 of those stores. Another franchisee, NPC International, Inc. (not a defendant in this action) owns 54 of those 215 Illinois-based Pizza Hut locations.  On information and belief, some number of the remaining 90 Illinois-based Pizza Hut locations are directly owned by PHI.  Given the number of Pizza Hut stores owned or franchised by Defendants in Illinois, and conservatively estimating ten delivery drivers per store,[1] the Illinois Class would be comprised of several hundred and perhaps in excess of 1,000 individuals – the joinder of whom in one action is impracticable, and the disposition of their claims in a class action will provide substantial benefits both to the parties and the Court.  The requirements of Fed. R. Civ. P. 23(a)(1) are thus satisfied here.

27.     **Commonality and Predominance – Fed. R. Civ. P. 23(a)(2) and 23(b)(3)**. There is a well-defined community of interest in the questions of law or fact involved affecting the parties to be represented.   The questions of law or fact common to the Illinois Class predominate over questions which may affect only individual Illinois Class members, including the following:

   a.      Whether Defendants failed to pay Plaintiff and the other Illinois Class members the minimum wage as required by 820 ILCS 105/4 (Schedule of minimum wages) of the wage laws of Illinois;

---

[1] This per-location driver estimate is likely conservative, since, during the Class Period, there were approximately 20-25 drivers in PHI's and FMI's Arlington Heights store alone.

b.  Whether Defendants failed to reimburse Plaintiff and the other Illinois Class members sufficiently for the expenses associated with the use of their vehicles that they used in the delivery of Defendants' product so that Plaintiff and the other Illinois Class members failed to receive the Illinois minimum wage as required under Illinois law;

c.  Whether Defendants failed to reimburse Plaintiff and the other Illinois Class members sufficiently for the expenses associated with the use of their vehicles that they used in the delivery of Defendants' product so that Plaintiff and the other Illinois Class members indirectly paid for the equipment (their vehicles) that they were required to use in the performance of their work for Defendants in violation of Illinois laws prohibiting improper deductions from wages for equipment required by an employer;

d.  Whether Defendants improperly paid Plaintiff and the other Illinois Class members the tipped minimum wage during certain times when they performed non-tipped work; and

e.  Whether Plaintiff and the other Illinois Class members have been damaged and, if so, the extent of such damages.

28.  **Typicality – Fed. R. Civ. P. 23(a)(3).**  As an employee of Defendants PHI and FMI, which failed to adequately compensate Plaintiff and the other Illinois Class members by failing to reimburse them properly for vehicle expenses, and by paying Plaintiff and the other Illinois Class members the tipped minimum wage during certain times when they performed non-tipped work, Plaintiff is asserting claims that are typical of the claims of the other Illinois Class Members.

29.     **Adequacy of Representation – Fed. R. Civ. P. 23(a)(4).**  Plaintiff will fairly and adequately represent and protect the interests of the other Illinois Class Members and has no interest antagonistic to them.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

30.     **Superiority – Fed. R. Civ. P. 23(b)(3)**.  Plaintiff and the other Illinois Class Members have suffered damages as a result of Defendants' unlawful conduct.  Because of the size of the claims of individual Illinois Class Members, however, few, if any, of them could afford to seek legal redress for the wrongs complained of herein.  A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, Illinois Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of  820 ILCS 105/4,  820 ILCS 115/9, and 56 Ill. Adm. Code 300.850 (2012).

## VI.  ADDITIONAL FACTS

31.     As delivery drivers, Plaintiff, FLSA Collective Group members, and Illinois State Class members used their personal vehicles in the delivery of Defendants' products, including, among other things, pizza, chicken wings, and beverages.

32.     Plaintiff, FLSA Collective Group members, and Illinois State Class members paid for the gasoline used in their vehicles for their deliveries.  They also paid for all of the expenses related to maintaining a vehicle such as changing the oil, tuning the engine, changing the tires, and any other required maintenance.  Additionally, Plaintiff, FLSA Collective Group members, and Illinois State Class members paid the insurance costs for their vehicle.

33.     In addition to a base wage that was at or marginally above the minimum wage, Defendants' uniform policy was to reimburse all delivery drivers for vehicle-related expenses on a flat, per-delivery basis.  Under Defendants' uniform policy, delivery drivers were given the

same amount of reimbursement regardless of the distance traveled on a particular delivery and Defendants generally assumed the same average round trip of 3.75 miles for their drivers, irrespective of the "trade area" of the store in which they worked. Furthermore, Defendants' uniform policy in calculating the vehicle reimbursement was to divide the amount of reimbursement by the average orders per dispatch. The net effect of Defendants' uniform reimbursement policy was to pay their drivers significantly less than their drivers' actual cost.

34. By way of example, Plaintiff and the other delivery drivers at the Arlington Heights location where he worked were paid $1.03 as their vehicle reimbursement for each delivery. By Plaintiff's calculation, his average delivery trip was five miles. At $1.03 per delivery, Defendants were thus paying Plaintiff a reimbursement of approximately $0.21 per mile. Even using Defendants' uniform assumption of 3.75 miles per delivery, the reimbursement to Plaintiff was only $0.27 per mile.

35. The United States Internal Revenue Service ("IRS") currently allows a federal tax deduction of $0.555 per mile as an estimate of business expenses for the use of a vehicle in business. Prior to July 2011, the IRS allowed a federal tax deduction of $0.51 per mile as an estimate of business expenses for the use of a vehicle in business. http://www.irs.gov/Businesses/Small-Businesses-&-Self-Employed/Deducting-Business-Expenses. In computing their vehicle expenses, therefore, Plaintiff, FLSA Collective Group members, and Illinois State Class members may use the IRS estimates for the Federal Claim Period and the Illinois State Class Period.

36. Using the current IRS allowable vehicle expenses for business uses of $0.555, and using Defendants' assumption of 3.75 miles per delivery, the cost to Plaintiff, FLSA Collective Group members, and Illinois State Class members was $2.08 ($0.555 times 3.75) per delivery.

10

Thus, Plaintiff, the FLSA Collective Group and the Illinois State Class were underpaid by at least $1.05 ($2.08 minus $1.03) per delivery.[2]

37.     The hourly shortfall can be further demonstrated as follows. Assuming two deliveries per hour,[3] that would translate into a shortfall of $2.10 per hour ($1.05 x 2).  In order to prevent a violation of the Illinois State minimum wage, Defendants would have to pay a wage of approximately $10.35 ($8.25 + $2.10).  Notwithstanding that fact, Defendants paid Plaintiff, FLSA Collective Group members, and Illinois State Class members either the minimum wage or marginally above the minimum wage.  Thus, a shortfall of $2.10 would result in a violation of the Illinois State or Federal minimum wage laws.[4]

38.     Defendants' failure to reimburse its delivery drivers – including Plaintiff, FLSA Collective Group members, and Illinois State Class members – the full amount of their vehicle expenses also amounts to a violation of Illinois State law and regulations forbidding employers from making their employees pay for equipment that they need in the performance of their assigned tasks.  The delivery drivers' vehicles are such equipment, and by not reimbursing the delivery drivers the full cost of their vehicles Defendants are indirectly charging their delivery drivers for the equipment they need to perform their task of delivering Defendants' products.

39.     Defendants underpaid Plaintiff, FLSA Collective Group members, and Illinois State Class members in yet another way as well.  The jobs of Plaintiff, FLSA Collective Group

---

[2] Using MapQuest, the Internet map service, and his Pizza Hut delivery driver reports, Plaintiff found that, for a 46-day period of his deliveries, each round-trip delivery covered on average almost exactly 5 miles (4.98795).  Thus, using the IRS vehicle business expense deduction figure of $0.555 per mile, each delivery incurred vehicle expenses of $2.77.  For each delivery, then, Plaintiff received $1.74 ($2.77 minus $1.03) less than he should have been paid by Pizza Hut in order to receive full reimbursement for the use of his vehicle.

[3] Defendants attempt to complete each delivery within 30 minutes.

[4] Plaintiff alleges that he frequently made three deliveries per hour. In that case, the shortfall below minimum wage would be $3.15 ($1.05 x 3).

members, and Illinois State Class members was to come to the PHI or FMI stores and deliver products when they were assigned deliveries by the manager in charge at that particular time. During the time Plaintiff, FLSA Collective Group members, and Illinois State Class members were awaiting their delivery assignments, whether initially or having returned from a delivery, they were required to perform in-store tasks assigned to them by the manager, such as making and folding boxes, answering customer calls, taking customer orders, certain food preparation,[5] cleaning, sweeping, and washing dishes.

40.     Prior to March 2011, Plaintiff, FLSA Collective Group members, and Illinois State Class members were paid the minimum wage or slightly above that for such in-store work while waiting to be assigned a delivery and for the delivery itself.  In Illinois the minimum hourly wage was $7.75 from July 1, 2008 through June 30, 2009; $8.00 from July 1, 2009 through June 30, 2010; and $8.25 after July 1, 2010.  820 ILCS 105/4(a)(1).[6]

41.     After March 2011, however, PHI and FMI paid their delivery drivers either the regular minimum wage for non-delivery work, or a "tipped minimum wage" for delivery work. 820 ILCS 105/4(c).[7]  PHI and FMI are permitted by statute a credit of 40% of the minimum wage it is required to pay its employees who are employed in certain categories that are accustomed to earning tips from customers with the credit to be supplied or credited from the tips earned.  Thus, with the minimum wage of $8.25 under Illinois law, for instance, PHI and FMI were permitted to pay a tipped minimum wage of $4.95 per hour and receive a credit of $3.30

---

[5] Including moving frozen food/pizza dough into baking pans, spraying and moving dough to places with higher temperatures, dividing chicken wings into the counts that are actually sold to customers, and diluting and stirring pizza sauce.

[6] Because the Illinois minimum wage is higher than the federal minimum wage, 29 U.S.C. § 206, Defendants must pay their employees at least the Illinois minimum wage.  Minimum wage varies by state. In each case, Pizza Hut must pay the higher minimum wage.

[7] At the same time, Defendants' computer systems were designed to count both untipped time and tipped time.

from the drivers' tips as long as their Illinois delivery drivers, who are in a category of employee that customarily receive tips, received tips of at least $3.30 per hour. If drivers received less than $3.30 per hour in tips, however, PHI and FMI were required to pay the difference so that at least minimum wage was earned. As a result, PHI and FMI were permitted to pay their delivery drivers only $4.95 ($8.25 - $3.30) per hour as long as they could demonstrate that the delivery drivers had received at least $3.30 an hour in tips. PHI and FMI kept computerized records of their delivery drivers' time worked in both tipped capacities and non-tipped capacities, and of tips received, reported on credit card receipts or orally by drivers if paid in cash. PHI and FMI were, thus, readily able to make these calculations.

42. Nevertheless, Defendants followed a practice of switching delivery drivers to the tipped minimum wage clock as soon as a delivery order was assigned to them but before the delivery was actually ready to leave the store. During that time, delivery drivers were required to continue their untipped, in-store work until the delivery was ready. None of those activities involve the receipt of tips and, therefore, are not subject to a tipped minimum wage.

43. Thus, delivery employees who were often employed in-store for up to half of their work shifts, were improperly paid tipped minimum wage for as much as 95%-100% of their work shift and Defendants unlawfully used their tip credit for untipped time – an unlawful forced kick-back arrangement that further exacerbated the minimum wage violations complained of herein.

44. PHI and FMI maintain computerized records of their employees' times – when their shifts begin, when deliveries are assigned and completed and when shifts end. Thus, although complicated, individual and class wide amounts underpaid to Plaintiff, FLSA

Collective Group members, and Illinois State Class members can be readily calculated from Defendants' own corporate documents.

45.     Regardless of whether PHI and FMI operated under a simple minimum wage or a tipped minimum wage regime, the failure to reimburse its delivery drivers – including Plaintiff, FLSA Collective Group members, and Illinois State Class members – the full amount of their vehicle expenses amounted to an improper taking of wages from their delivery drivers, thereby reducing the delivery drivers' actual wage below the required minimum wage.

## VII.   CLAIMS ALLEGED

### FIRST CLAIM FOR RELIEF

**Restitution for Failure to Pay Minimum Wage to Plaintiff
and FLSA Collective Group Members
(Violation of FLSA, 29 U.S.C. §§ 201, *et seq.*, and
29 C.F.R. §§ 531.35, 531.32 (c) and 778.217 )**

46.     Plaintiff, on behalf of himself and the FLSA Collective Group members, re-alleges and incorporates by reference Paragraphs 1-4, 8-23, and 31-45, set forth above.

47.     At all times relevant to this action, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all times relevant to this action, Defendants have employed, and continue to employ, "employee[s]," including Plaintiff, and the FLSA Collective Group members.

48.     The FLSA requires each covered employer, such as Defendants, to compensate all employees at the federal minimum wage unless the state minimum wage is higher.  29 U.S.C. § 206.

49.     Plaintiff and FLSA Collective Group members are entitled to be paid at least the minimum wage for all of their non-tipped work and at least the tipped minimum wage for all of their tipped work.

50.     At all relevant times, Defendants, pursuant to their policies and practices, failed and refused to pay the minimum wage or the tipped minimum wage to Plaintiff and FLSA Collective Group members by virtue of their failure to reimburse Plaintiff and FLSA Collective Group members for the full amount of their vehicle expenses related to the delivery of Defendants' products.

51.     By failing to compensate Plaintiff and FLSA Collective Group members at the non-tipped or tipped minimum wage, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 206.

52.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

53.     Plaintiff, individually and on behalf of the FLSA Collective Group members, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

54.     Plaintiff, individually and on behalf of the FLSA Collective Group members, seeks recovery of his attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**

**Restitution for Failure to Pay Minimum Wage to
Plaintiff and the Other Illinois Class Members
(Violation of 820 ILCS 105/4)**

55.     Plaintiff, on behalf of himself and the Illinois State Class, re-alleges and incorporates by reference Paragraphs 1-2, 5-14, and 24-45, set forth above.

56.     Plaintiff and the other Illinois Class Members are or were employees of Defendants and received wages from Defendants in return for their work as delivery drivers.

57.     Until March 2011, Plaintiff and the other Illinois Class Members were entitled to receive at least the minimum wage as defined by 820 ILCS 105/4(a)(1). After March 2011, Plaintiff and the other Illinois Class Members were entitled to receive at least the minimum wage as tipped employees as defined by 820 ILCS 105/4(c).

58.     Plaintiff and the other Illinois Class Members were required to use their own vehicles in delivering Defendants' products to Defendants' customers.

59.     Plaintiff and the other Illinois Class Members paid for all of the expenses associated with their vehicles such as gas, oil, repairs, tires, insurance, and depreciation.

60.     Defendants reimbursed Plaintiff and the other Illinois Class Members $1.03 for the use of their vehicles for each delivery.

61.     The IRS allows a business deduction of $0.555 per mile in federal tax filings. That figure is an estimate of the costs of maintaining a vehicle, such as gas, oil, repairs, tires, insurance, and depreciation.

62.     The vehicle expenses of Plaintiff and the other Illinois Class Members, incurred in their work for Defendants, are reasonably estimated at $0.555 per mile as allowed by the IRS in a business deduction.

63. The average mileage for a round trip delivery by Plaintiff and the other Illinois Class Members was approximately five miles.

64. The vehicle expenses for Plaintiff and the other Illinois Class Members for each delivery, therefore, was approximately $2.77. For each delivery, then, Plaintiff and the other Illinois Class Members received $1.74 ($2.77 minus $1.03) less than they should have been paid by Defendants in order to receive full reimbursement for the use of their vehicles.

65. Defendants paid Plaintiff and the other Illinois Class Members marginally above the minimum wage. Defendants' failure to reimburse Plaintiff and the other Illinois Class Members the full cost of their vehicles resulted in a payment to Plaintiff and the other Illinois Class Members of less than the Illinois minimum wage in violation of 820 ILCS 105/4.

66. Plaintiff, individually and on behalf of the other Illinois Class Members, seeks restitution of the difference between the $1.03 that they received for each delivery and the $2.77 that they should have received for the three year period prior to the filing of this Complaint.

67. In addition, Plaintiff, individually and on behalf of the other Illinois Class Members, seeks damages of 2% per month of the underpayment of such wages for each month that the full minimum wage remains unpaid pursuant to 820 ILCS 105/12; and, under 815 ILCS 205/2, damages of 5% per annum on the amount owed.

## THIRD CLAIM FOR RELIEF

### Restitution for Improper Deductions from the Wages of Plaintiff and the Other Illinois Class Members
### (Violation of 820 ILCS 115/9 and 56 Ill. Adm. Code 300.850)

68.     Plaintiff, on behalf of himself and the Illinois State Class, re-alleges and incorporates by reference Paragraphs 1-2, 5-14, 24-45 and 55-67, set forth above.

69.     Plaintiff and the other Illinois Class Members were required by Defendants to provide and use their own vehicles for use in delivering Defendants' product to Defendants' customers.

70.     As explained in the First Claim for Relief, above, Defendants failed to reimburse Plaintiff and the other Illinois Class Members the amount necessary to cover the allowable business expenses for the use of those vehicles.

71.     The vehicles used by Plaintiff and the other Illinois Class Members were for the benefit of their employers – the Defendants here.  As such, Defendants may not require Plaintiff and the other Illinois Class Members to pay the expenses related to the use of those vehicles absent express written consent of Plaintiff and the other Illinois Class Members.

72.     Deductions by employers from wages or final compensation are prohibited under Illinois law unless such deductions are: (a) required by law; (b) to the benefit of the employee; (c) in response to a valid wage assignment or wage deduction order; or, (d) made with the express written consent of the employee, given freely at the time the deduction is made.

73.     Neither Plaintiff nor the other Illinois Class Members gave written consent, or consent in any other form, to Defendants to forego full payment for vehicle expenses.  Nor is Plaintiff's and/or the other Illinois Class Members' use of their vehicles in the delivery of Defendants' product to Defendants' customers for the benefit of Plaintiff and/or the other Illinois Class Members, required by law, or in response to a valid wage assignment or wage deduction order.

74.     By failing to pay Plaintiff and the other Illinois Class Members the full amount of their vehicle expenses, Defendants have made an improper indirect deduction from the wages of Plaintiff and the other Illinois Class Members.

75.     Defendants are not permitted to make an indirect deduction from wages under circumstances where a direct deduction would not be permitted.

## VIII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective Group and Illinois State Class Members, respectfully request that the Court enter judgment in their favor and against Defendants and grant the following relief:

A.     An Order certifying that the action may be maintained as a collective action on behalf of the FLSA Collective Group;

B.     An Order certifying that Defendants' failure to pay minimum wage to Plaintiff and the FLSA Collective Group was willful pursuant to 29 U.S.C. § 255 (a) and that, therefore, the Federal Claim Period consists of the three years prior to the date of the filing of this Complaint;

C.     An Order certifying compensatory damages for the Plaintiff and the FLSA Collective Group in an amount equal to their unpaid wages;

D.     An Order certifying liquidated damages for Plaintiff and the FLSA Collective Group in an amount equal to their unpaid wage pursuant to 29 U.S.C. § 216 (b) ;

E.     An Order certifying that the action may be maintained as a class action on behalf of the Illinois State Class; certifying Plaintiff as Class Representative of the Illinois State Class; and certifying the law firm of Wolf Haldenstein Adler Freeman & Herz LLC as Class Counsel.

F.      An Order certifying compensatory damages for the FLSA Collective Group and the Illinois Class for Defendants' underpayment of the Illinois minimum wage and improper deductions from wages in an amount to be proven at trial;

G.      Reasonable attorneys' fees;

H.      Costs of this suit;

I.      Damages pursuant to Illinois State law in the amount of 2% per month of the underpayment of wages for each month that the full minimum wage remains unpaid; and 5% per cent per annum on the amount owed; and

J.      Such other and further relief as the Court may deem necessary and appropriate.

## IX.  JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury with respect to all issues so triable

**Dated:**  November 27, 2012                    Respectfully submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**

By: /s/  Adam J. Levitt
    Adam J. Levitt
    Edmund S. Aronowitz
    55 West Monroe Street, Suite 1111
    Chicago, Illinois  60603
    Tel:  (312) 984-0000
    Fax:  (312) 984-0001
    levitt@whafh.com
    aronowitz@whafh.com

**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
Jeffrey G. Smith
Robert Abrams
270 Madison Avenue
New York, New York  10016
Tel: (212) 545-4600
Fax: (212) 545-4653
smith@whafh.com
abrams@whafh.com

*Counsel for Plaintiff*

701776