# U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

DIMITAR KOVACHEV
**Individually and on behalf of all others
similarly situated**

        **Plaintiff,**                     **Case No. 1:12-cv-09461**

    **vs.**

**PIZZA HUT, INC., FRANCHISE**           **Honorable Judge Tharp**
**MANAGEMENT, INC., and FRANCHISE**
**MANAGEMENT INVESTORS US, LLC**

        **Defendants.**

## DEFENDANT FRANCHISE MANAGEMENT INVESTORS US, LLC'S BRIEF IN SUPPORT OF MOTION TO STAY OR, IN THE ALTERNATIVE, DISMISS COMPLAINT

       Even though he admits that he was paid at or above the minimum wage, former pizza delivery driver Dimitar Kovachev complains that Defendants Pizza Hut, Inc. ("PHI"), Franchise Management Investors US, LLC ("LLC"), and Franchise Management, Inc. ("FMI")[1/] violated federal minimum wage laws by not reimbursing him sufficiently for his car-related expenses and by paying him the tipped wage for some non-tipped work. Compl. ¶¶ 33, 46-67. He also raises state-law wage claims for minimum wage and improper deductions. Citing the terms of the arbitration agreement Plaintiff entered, PHI has moved to compel Plaintiff to arbitrate his claims.

---

[1/] LLC understands that FMI, a Canadian corporation, has not been served with the summons and complaint and is not in any event subject to personal jurisdiction in Illinois.

Because all the claims against all Defendants are intertwined, LLC moves to stay all proceedings pending the outcome of the arbitration. In the alternative, LLC moves to dismiss Plaintiff's complaint in its entirety for failure to state a claim upon which relief can be granted.

Factual Allegations[2/]

Plaintiff Dimitar Kovachev worked for Defendant PHI, and subsequently for Defendant LLC, as a pizza delivery driver in Illinois (Compl. ¶ 10). He purports to represent a putative class of similarly situated collective action plaintiffs under the Fair Labor Standards Act ("FLSA") and class action plaintiffs under Illinois wage laws. *Id.* ¶¶ 46-75.

Kovachev admits that he and other drivers were paid "a basic wage that was at or marginally above the minimum wage" in Illinois, which is higher than the federal minimum wage. Compl. ¶¶ 33, 40 & n.6. In addition, Defendants paid drivers "a flat, per-delivery" dollar amount to reimburse them for vehicle-related expenses, since Kovachev and other drivers were required to pay for their own gas, car insurance, and automobile maintenance like oil changes, engine tune ups, and tire replacement. Compl. ¶¶ 32-33. Kovachev alleges that the reimbursements he and others received for these expenses were "significantly less than the[ ] drivers' actual costs," theoretically reducing their net wage below the statutory minimum. *Id.* ¶¶ 18, 33.

---

[2/] For purposes of this motion only, LLC accepts as true the properly pleaded facts in the Complaint.

Kovachev alleges that Defendants reimbursed him $1.03 for each delivery he made (Compl. ¶ 34), but he does not allege what his (or any other driver's) actual expenses were, or how often, and by what amount, if at all, those expenses exceeded the $1.03 reimbursement per delivery he was paid. Nor does he allege that he ever provided Defendants with receipts or other evidence of his actual expenses, that he ever informed Defendants that his reimbursement payment was insufficient to cover those expenses, or that he even knows what his "full" expenses were.

Instead, Kovachev simply asserts—without supporting facts—that his costs "are reasonably estimated" by the IRS' determination of the *maximum* reimbursement that an employer can make before the "reimbursement" becomes "income" subject to taxation. Compl. ¶¶ 61-62; Rev. Proc. 2010-51 §§ 7.01(1), 7.05 (requiring employee to include in gross income any portion of mileage allowance paid by employer that exceeds the standard mileage rate set by IRS). He does not allege any facts that suggest how or why that maximum is a "reasonable estimate" of his own actual expenditures over the three years for which he claims insufficient reimbursement.

Kovachev also alleges that there were occasions after March 2011 when Defendants paid delivery drivers the tipped minimum wage for non-tipped work. Compl. ¶¶ 41-42. He admits that drivers were generally paid at or above the "regular" minimum wage "for non-delivery work" (*id.* ¶¶ 32, 40), and the "tipped minimum wage" for time spent on deliveries (*id.* ¶ 41). He alleges, however, that Defendants had a practice of switching drivers over to the tipped rate as soon as a

delivery order was assigned to them but before the delivery was ready to leave the store – what is often called "pre-dispatch" work. Compl. ¶ 43. Kovachev alleges that drivers were paid the tipped minimum wage "for as much as 95%-100% of their shift" (*id.* ¶ 43), but he does not allege how much non-tipped work any driver did while being paid the tipped wage.

## Procedural Posture

Kovachev served his complaint on Defendants PHI and LLC on November 29 and December 1, 2012, respectively. (Upon information and belief, he has not yet served Defendant FMI.) PHI and LLC moved for extensions of time to file responsive pleadings, which the Court granted on December 27, 2012. On January 14, 2013, PHI moved to compel arbitration, and LLC filed the instant motion seeking to stay proceedings pending arbitration or, in the alternative, to dismiss the complaint.

## Argument

Principles of parallel-proceeding abstention dictate that this litigation be stayed while Kovachev's claims against PHI are arbitrated. In the alternative, this Court should dismiss Kovachev's FLSA claims for failure to state a claim under Rule 12(b)(6). His remaining state-law claims should be dismissed as well, as the Court should decline to exercise supplemental jurisdiction of state law claims in the absence of federal question jurisdiction.

I.     All Proceedings Should Be Stayed Pending the Outcome of Arbitration.

When a plaintiff sues multiple defendants for the same claims, and one of the defendants is able to compel arbitration of the claims against it, litigation against

the remaining defendants should generally be stayed pending the outcome of the arbitration. *See Nakamura Trading Co. v. Sankyo Corp.*, 2006 WL 1049608, *5 (N.D. Ill. Apr. 9, 2006) (staying proceedings against non-signatory to arbitration agreement while signatories arbitrated parallel claims). As the Seventh Circuit has explained, "[p]arallel proceedings, one judicial, one arbitral, are governed … by the normal rules for parallel-proceeding abstention." *See IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 529 (7th Cir. 1996) (citations omitted).  Those rules require the district court to consider whether the two proceedings are parallel and then determine if circumstances justify abstention.  *Tyrer v. City of South Beloit*, 456 F.3d 744, 751 (7th Cir. 2006).

Two suits are parallel where "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) (internal quotations and citation omitted). Here, Kovachev pleads identical claims for relief against every Defendant, and he makes no distinction between the Defendants in describing their alleged actions.  *See* Compl. ¶¶46-75.

Moreover, the circumstances here justify abstention. The arbitration agreement between Kovachev and PHI could be subverted if this Court were to proceed, since resolution of the claims and issues raised in the litigation would likely have preclusive effect on the parallel claims in the arbitration. *See Nakamura Trading,* 2006 WL 1049608, *5 (staying litigation against non-signatory to avoid

subverting arbitration agreement between other parties); *Allied Van Lines, Inc, v. Orth Van & Storage, Inc.*, 2005 WL 1563111, *3 (N.D. Ill. June 3, 2005) (same).

This Court should stay these proceedings.

II.     **Kovachev's Complaint Should Be Dismissed.**

If the Court chooses to proceed (which it should not) with the claims against LLC while the claims against PHI are in arbitration, LLC moves in the alternative to dismiss Kovachev's complaint in its entirety.

A.     **The complaint fails to satisfy minimum pleading requirements.**

On a motion to dismiss for failure to state a claim, the court accepts well-pleaded facts as true, and affords them every reasonable inference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions, however, are "not entitled to this presumption of truth," and neither are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.*; *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).  *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that mere "labels or conclusions," or "a formulaic recitation of the elements" are not enough to state a claim). Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 566 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570).

A complaint that fails to allege *any* facts in support of an essential element of a claim necessarily fails to show a plausible entitlement to relief.  *See McCauley*, 671 F.3d at 616 (noting that plaintiff must "provid[e] some specific facts to support the legal claim asserted") (internal quotations omitted).  Similarly, "[w]here a

**6**

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 566 U.S. at 678; *see also Bailey v. Border Foods, Inc.*, 2009 WL 3248305, at *2 (D. Minn. Oct. 6, 2009) (dismissing FLSA under-reimbursement claim because conclusory and speculative allegations did not raise a plausible inference of entitlement to relief); *LePage v. Blue Cross & Blue Shield of Minn.*, 2008 WL 2570815, at *2 (D. Minn. June 25, 2008) (dismissing FLSA minimum wage claim due to plaintiffs' failure to identify "any facts that would permit the court to infer that they were actually paid less than the minimum wage required under the FLSA"). Whether the facts pled are sufficient to state a claim rises with the complexity of the claim: the more complex the case, the more detail that must be included in the complaint to raise a claim above mere speculation. *McCauley*, 671 F.3d at 616-17 (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010)).

A case on point—pizza delivery-drivers alleging a minimum wage violation through insufficient reimbursement of vehicle expenses—illustrates the distinction. In *Wass v. NPC International, Inc.*, 688 F. Supp.2d 1282 (D. Kan. 2010), the court recognized that while FLSA claims are generally straightforward, a claim that "seemingly-sufficient wage rates should be reduced by some amount below the minimum level because some amount of expenses were not sufficiently reimbursed" is precisely the type of complex and counterintuitive complaint that requires a "greater degree of specificity." *Wass*, 688 F.Supp.2d at 1288-89; *cf. McCauley*, 671

F.3d at 616 (requiring more detail in complex, counterintuitive equal protection claim). The *Wass* court concluded that even if it assumed a shortfall in reimbursements, the "unreimbursed expenses would not necessarily equate with a violation" of the FLSA because the plaintiff-drivers were paid at "approximately" the state minimum wage level, which was higher than the federal minimum wage. *Wass*, 688 F. Supp.2d at 1289. Because the facts pled were thus consistent with payment of the federal minimum wage, the court concluded that the FLSA claim "remain[ed] conclusory and speculative." *Id.*; *cf. McCauley*, 671 F.3d at 619 (dismissing equal protection claim as insufficient where the "factual allegations [were] entirely consistent with lawful conduct").

The same is true here. To state a claim for a violation of federal minimum wage law, Kovachev has to allege facts sufficient to show that he was paid less than the federal minimum wage for the hours that he worked. But Kovachev alleges that he and other drivers were paid at or above the Illinois minimum wage, which was higher than the federal minimum wage. Compl. ¶ 40 & n.6. For example, Kovachev alleges that he was paid $8.25 an hour or more in July 2010, at least a full dollar per hour above the federal minimum wage. Compl. ¶ 40; 29 U.S.C. §206. He also alleges that he was paid $1.03 per delivery for reimbursement of his vehicle expenses. Compl. ¶ 34. Assuming two deliveries an hour, as Kovachev does (Compl. ¶ 37), he was paid a *minimum* of $10.31 for that hour's work and expenses. Kovachev then summarily asserts that the costs he incurred in maintaining his vehicle effectively reduced his wages to something less than the federal minimum

wage of $7.25 an hour.  For that to be true, however, Kovachev would have had to incur expenses of at least $3.07 for every hour he delivered pizzas—more if his hourly pay was *above* the Illinois minimum wage.[3/]

Kovachev alleges no such thing.  Indeed, Kovachev does not allege *any* facts about the vehicle expenses he actually incurred. He does not say how much money (if any) he spent on oil changes, tires, tune-ups or other maintenance—or when. He does not allege how much he spent on gas, what gas mileage he gets in his (unidentified) vehicle, or how many miles the same car was driven on vacations or for personal use, including commuting to and from work. He has not even alleged whether he was driving the same vehicle throughout the relevant time.  In short, he has not alleged any facts from which it can be plausibly inferred that he consistently had expenses of more than $3.07 for every hour that he delivered pizzas for LLC—much less that every driver did.

There is yet another problem with Kovachev's allegations.  Minimum wage compliance is computed on a work-week basis, which "means that as long as an employee's total weekly wage is equal to or greater than his hours worked multiplied by the minimum hourly rate, the employer has satisfied the minimum wage."  *Nicholson v. UTi Worldwide, Inc.*, 2010 WL 551551 at *4 (S.D. Ill. Feb. 12, 2010); *Koehler v. Kehrer Bros. Constr., Inc.*, 2012 WL 3582933, at *4 (S.D. Ill. Aug. 20. 2012) ("In determining whether an employer violated the Minimum Wage Law, one needs to know the total number of hours a plaintiff had to work and the total

---

[3/] Kovachev did not specify his wages, saying only that Defendants pay drivers at or above the minimum wage. Compl. ¶¶ 32-33, 40.

compensation paid to plaintiff.").  A complaint must therefore allege facts to demonstrate that the employer's wrongdoing "caused [plaintiff] to earn less than the minimum wage *in a given workweek*."  *Franks v. MKM Oil, Inc.,* 2010 WL 3613983 at *4 (N.D. Ill. Sept. 8, 2010) (emphasis added); *accord Nicholson*, 2010 WL 551551 at *5  (dismissing wage claim for failing to allege "any facts to plausibly suggest that in any week his real hourly wage was less than [the minimum wage]").

In *Franks v. MKM Oil*, for example, this court dismissed an employee's claim that her employer's practice of requiring employees to reimburse it for losses reduced her pay below the minimum wage because the complaint did not allege what her net pay was after repayment for losses or any other facts to demonstrate that her wages after repayment were reduced below the minimum for any given week. *Franks*, 2010 WL 3613983 at *4.  Neither does Kovachev.

Moreover, Kovachev's claims that he was paid tipped wages for untipped work suffer the same problem:  he never alleges facts to demonstrate that the lower rate of pay for some of his alleged pre-dispatch time resulted in a work week where his hourly wage fell below minimum. *See Nicholson*, 2010 WL 551551 at *5 ("Simply pleading that he has worked … time off the clock is not sufficient to plausibly suggest that his weekly wage was less than his hours multiplied by the applicable minimum wage."); *Koehler*, 2012 WL 3582933, at *4  (dismissing claim that "gave no estimate of the magnitude or frequency of the time he worked outside of his paid shift or his wage rate at the relevant times"); *White v. Classic Dining Acquisition Corp*, 2012 WL 1252589, *5 (S.D. Ind. Apr. 13, 2012) (dismissing claim alleging that

when employee's tips were added to her tipped-rate wages, she did not make the minimum wage, because she did not allege "[h]ow often and when she and others were allegedly shorted").  Kovachev does not allege how many hours he worked, how much he earned through tips, or how much he earned in tipped and non-tipped wages for any given week, so he has failed to state a claim.  Moreover, he alleges that he and other drivers were paid at *or above* the Illinois minimum wage, which was at all times *higher* than the federal minimum wage, which means there is even less basis for assuming that payment at the tipped rate for pre-dispatch work ever reduced his wage below the federal minimum in any week.

Kovachev has alleged no facts sufficient to state a plausible entitlement to relief under the FLSA.  His FLSA claims should be dismissed.

B.     Kovachev's state-law claims should be dismissed.

Kovachev brings two state law claims in addition to his FLSA claim:  a claim for failure to pay the Illinois minimum wage and a claim for improper deductions from pay.  Kovachev's state minimum wage claim fails for the same reason that his FLSA claim does.  His allegation that he and others were paid at *or above* the state minimum wage, for example, means that any "unreimbursed expenses would not necessarily equate with a violation" of the state minimum wage law. *See Wass*, 688 F. Supp.2d at 1289.  And since Illinois minimum wage claims, like federal minimum wage claims, are determined on a work-week basis, Kovachev's state law claim fails because he did not allege any facts demonstrating that the difference between his actual expenses and Defendants' reimbursement rate, or the difference between the tipped and non-tipped rate for some unstated amount of alleged pre-dispatch work,

**11**

caused him to earn less than the state minimum wage in any given week. *See Franks.,* 2010 WL 3613983 at *4 (dismissing Illinois minimum wage claim along with federal); *accord Nicholson*, 2010 WL 551551 at *5 (dismissing Illinois wage claim for failing to allege "any facts to plausibly suggest that in any week his real hourly wage was less than [the minimum wage]"). Kovachev's state minimum wage claims therefore "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 566 U.S. at 678.

Kovachev's only other claim is for violation of a state law prohibiting improper deductions from wages. With the dismissal of his federal claims, this Court should dismiss Kovachev's state claim in the interest of judicial economy. *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994) (explaining when a court should relinquish jurisdiction over state law claims after dismissal of all federal claims); *White*, 2012 WL 1252589 at *6 (dismissing supplemental state law claims upon dismissal of FLSA claims).

## Conclusion

The proceedings in this case should be stayed pending the outcome of arbitration of Kovachev's claims against Defendant Pizza Hut, Inc., to avoid subverting the arbitration agreement. In the alternative, Kovachev's complaint should be dismissed in its entirety, because he failed to allege facts sufficient to state a plausible entitlement to relief.

2148572.6

Dated this 14th day of January, 2013.

Respectfully submitted,

/s/ Elizabeth A. Erickson
Elizabeth Erickson
WI Bar No. 1036729
Constangy, Brooks & Smith, LLP
1 South Pinckney Street, Suite 930
Madison, WI  53703
Direct Tel:  (608) 807-5272
Direct Fax:  (608) 807-5287
eerickson@constangy.com

Gabriel Bankier Plotkin
Miller Shakman & Beem LLP
180 N. LaSalle Street, Suite 360
Chicago, IL 60601
Direct Tel: (312) 263-3270
Direct Fax:  (312) 263-3270
gplotkin@millershakman.com

*Attorneys for Defendant Franchise*
*Management Investors US, LLC*

2148572.6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14 date of January, 2013, I caused a true and correct copy of the *Motion To Stay, Or In The Alternative Dismiss* to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notification to the following counsel of record

Adam J. Levitt
Edmund S. Aronowitz
Wolf Haldenstein Adler Freeman & Herz, LLP
55 West Monroe Street, Suite 1111
Chicago, IL 60603
levitt@whafh.com
aronowitz@whafh.com
312-984-0000; Fax: 312-984-0001

Jeffrey G. Smith
Wolf Haldenstein Adler Freeman & Herz, LLP
270 Madison Avenue
New York, NY 10016
smith@whafh.com
212-545-4740; Fax: 212-545-4653

Sarah Konsky
Sidley Austin, LLP
One South Dearborn Street
Chicago, IL 60603
skonsky@sidley.com
312-853-7000; Fax: 312-853-7036

Dated this 14th day of January, 2013

/s/ Elizabeth A. Erickson
Elizabeth A. Erickson

CONSTANGY, BROOKS AND SMITH, LLP
1 S. Pinckney Street, Suite 930
Madison, Wisconsin  53703
Direct Telephone (608) 807-5272
Direct Fax (608) 807-5287

2148572.6