**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DIMITAR KOVACHEV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 12 C 9461 |
| v. ) | |
| ) | |
| PIZZA HUT, INC., FRANCHISE ) | Judge John J. Tharp, Jr. |
| MANAGEMENT, INC., AND ) | |
| FRANCHISE MANAGEMENT ) | |
| INVESTORS US, LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     Background**

Plaintiff Dimitar Kovachev brings a putative class and collective action against his former employers, Pizza Hut, Inc. ("Pizza Hut"), Franchise Management, Inc. ("FMI"), and Franchise Management Investors US, LLC ("LLC"). He purports to assert claims on behalf of all of the defendants' employees and former employees who worked as pizza delivery drivers.[1] Kovachev alleges that the defendants violated the Fair Labor Standards Act and Illinois state statutes by failing to pay the required federal and state minimum wage, failing to fully reimburse the costs of vehicle expenses incurred during delivery work, and impermissibly paying the lower "tipped" minimum wage when drivers were performing "non-tipped" work.

In response to Kovachev's complaint, Pizza Hut moves to compel arbitration of the dispute pursuant to a written agreement between itself and Kovachev that contains an arbitration

---

[1] Pizza Hut owns and manages pizza restaurants. It also grants franchises to open Pizza Hut branded restaurants to franchisees, including FMI, a Canadian corporation that owns 71 Pizza Hut franchises in Illinois. LLC manages the FMI-owned franchises in Illinois.

provision. Pizza Hut also moves to stay these proceedings pending the arbitration. Kovachev admits that Pizza Hut is entitled to proceed in arbitration, but he agrees only to submit to class arbitration. Kovachev opposes Pizza Hut's motion to the extent that it seeks to compel him to arbitrate on an individual basis.

Additionally, LLC moves to stay or, in the alternative, to dismiss Kovachev's complaint. Kovachev does not oppose LLC's motion to stay, although he reserves his right to oppose LLC's arguments to dismiss his complaint.[2]

## II.     Analysis

### A. The Arbitrator Should Determine Whether the Arbitration Agreement Compels the Parties to Participate in Individual or Class Arbitration.

Kovachev admits that he entered into an arbitration provision with Pizza Hut, which states in full:

> **AGREEMENT TO ARBITRATE**
>
> Because of the delay and expense of the court systems, Pizza Hut and I agree to use confidential binding arbitration for any claims that arise between me and Pizza Hut, its related companies, and/or their current or former employees Such claims would include any concerning compensation, employment (including, but not limited to any claims concerning sexual harassment), or termination of employment Before arbitration, I agree (i) first, to present any such claims in full written detail to Pizza Hut, (ii) next, to complete any Pizza Hut internal review process, and (iii) finally, to complete any external administrative remedy (such as with the Equal Employment Opportunity Commission) In any arbitration, the then prevailing rules of the American Arbitration Association (and, to the extent not inconsistent, the then prevailing rules of the Federal Arbitration Act) will apply

---

[2] Kovachev and FMI have entered a stipulation stating that FMI has not yet been served with the complaint, that Kovachev wishes to reserve his right to serve FMI in the future after the (requested) stay has been lifted, and that FMI wishes to reserve its right to challenge personal jurisdiction in the event that it is served. Stipulation (Dkt. 50) at ¶¶ 2-3. The stipulation further indicates that FMI agrees not to assert or raise any defense based on the timeliness of its receipt of service and that FMI and Kovachev submit that the stipulation constitutes good cause for Kovachev's non-service of FMI within 120 days of filing the complaint. *Id.* ¶¶ 4-5.

Mot. to Compel Arbitration Ex. A (Dkt. 25-1) (missing punctuation in original). Kovachev does not dispute that the arbitration agreement applies to his claims in this lawsuit, but he nonetheless refuses to arbitrate on an individual basis. Under the Federal Arbitration Act ("FAA"), a court may compel arbitration if three elements are shown: (1) a written agreement to arbitrate; (2) a dispute within the scope of the arbitration agreement; and (3) a refusal to arbitrate. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). Here, all three elements are established. Therefore, it is appropriate to grant Pizza Hut's motion to compel arbitration pursuant to the FAA, 9 U.S.C. § 4.

The parties' substantive disagreement centers on whether the arbitration should proceed on an individual or a class-wide basis. Pizza Hut contends that the Court should compel individual arbitration, while Kovachev argues that the Court should leave to the arbitrator the decision whether class arbitration is permitted under the arbitration provision. Kovachev is correct. When an arbitration agreement is silent as to whether class arbitration is permissible, the question should be decided by the arbitrator. *Employers Ins. Co. of Wausau v. Century Indem. Co.*, 443 F.3d 573, 577 (7th Cir. 2006). In *Wausau*, the Seventh Circuit examined whether the district court or an arbitrator should decide whether an arbitration agreement permitted multiple arbitrations to be consolidated.[3] *Id.* at 576. The court noted two examples of "gate-way disputes" that raise questions of arbitrability and should be decided by judges rather than arbitrators: "1) a

---

[3] Though *Wausau* involved the arbitration of *consolidated* claims, its reasoning applies with equal force to the arbitration of class claims. Several courts in this district have relied on *Wausau* in determining that an arbitrator should decide the question whether class arbitration is permissible. *See Cramer v. Bank of Am., N.A.*, No. 12 C 8681, 2013 WL 2384313, *4 (N.D. Ill. May 30, 2013); *Chatman v. Pizza Hut, Inc.*, No. 12 C 10209, 2013 WL 2285804, *8 (N.D. Ill. May 23, 2013) (allowing arbitrator to decide question of class arbitration under Pizza Hut arbitration agreement very similar to agreement at issue here); *Price v. NCR Corp.*, 908 F. Supp. 2d 935, 944-45 (N.D. Ill. 2012); *Collier v. Real Time Staffing Servs., Inc.*, No. 11 C 6209, 2012 WL 1204715, *5 (N.D. Ill. Apr. 11, 2012).

dispute regarding 'whether the parties are bound by a given arbitration clause'; and 2) "a disagreement about whether an arbitration clause in a concededly binding contract applies to this particular type of controversy.'" *Id.* (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)). In contrast, questions about "'what *kind of arbitration proceeding* the parties agreed to' [are] procedural [questions] for the arbitrator." *Id.* at 578 (emphasis in original) (quoting *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003)). Whether Kovachev may arbitrate his claims on a class basis clearly relates to the "procedure" of the arbitration, and therefore the question should be decided by the arbitrator.

Pizza Hut, however, cites the more recent Supreme Court opinion in *Stolt-Nielsen v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 130 S. Ct. 1758 (2010) to argue "that courts cannot impose class arbitration where an agreement is silent on the issue." Reply Br. in Supp. of Mot. to Compel Arbitration (Dkt. 46) at 2. According to Pizza Hut, because the arbitration agreement is silent as to class arbitration, arbitration must inevitably proceed on an individual basis, so the Court should go ahead and order individual arbitration. But contrary to Pizza Hut's argument, *Stolt-Nielsen* did not create a bright-line rule that class arbitration is impermissible when an agreement is silent on the issue; instead, it merely held that the arbitration panel in that case had exceeded its powers by applying "its own view of sound policy," rather than interpreting the agreement and the parties' intent, to allow for class arbitration. *Stolt-Nielsen*, 130 S. Ct. at 1767-68; *see also Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co.*, 671 F.3d 635, 639 (7th Cir. 2011) ("Whether the arbitrators [in *Stolt-Nielsen*] had exceeded their powers . . . was the only question presented by the petition for certiorari"). *Stolt-Nielsen* says nothing about who

4

should decide whether an arbitration proceeds on a class basis.[4] Therefore, *Stolt-Nielsen* does not change the Court's analysis. The arbitrator should decide whether arbitration will proceed on an individual or class-wide basis.

### B. The Entire Litigation Will be Stayed Pending Arbitration.

Both Pizza Hut and LLC move the Court to stay these proceedings pending Kovachev's arbitration with Pizza Hut, and Kovachev acquiesces to a stay. When a district court refers a dispute for arbitration, "the district judge should . . . stay[] it to await the outcome of arbitration . . . rather than dismiss" the case. *Tice v. Am. Airlines, Inc.*, 288 F.3d 313, 318 (7th Cir. 2002). Therefore, Kovachev's claims against Pizza Hut, at least, must be stayed pending arbitration.

LLC argues that the claims against it should be stayed as well, even though those claims are not being referred for arbitration. LLC Mot. (Dkt. 29) at 2. LLC notes that Kovachev's claims against it are identical to his claims against Pizza Hut, and that Kovachev does not make any distinction between the defendants in describing their alleged misconduct. Further, LLC argues that resolution of claims or issues in this court could have a preclusive effect on Kovachev's parallel claims proceeding in arbitration. In these circumstances, LLC argues, the entire litigation should be stayed pending arbitration. The Court agrees. Kovachev should not be required to proceed simultaneously on parallel tracks with virtually identical claims against different defendants. And allowing the lawsuit to proceed here would create a "real possibility" of "subverting the arbitration agreement between" Kovachev and Pizza Hut because of the potential preclusive effect that the Court's judgment in this case might have on the arbitration.

---

[4] The Supreme Court recently confirmed that it "has not yet decided whether the availability of class arbitration is a question of arbitrability" to be decided by a court. *See Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2068 n.2 (2013). Therefore, *Wausau* still controls on that question in this circuit.

5

*Nakamura Trading Co. v. Sankyo Corp.*, No. 05 C 7205, 2006 WL 1049608, *5 (N.D. Ill. Apr. 19, 2006) (staying claims against defendant who was not party to arbitration agreement); *see also Allied Van Lines, Inc. v. Orth Van and Storage, Inc.*, No. 04 C 6004, 2005 WL 1563111, *3 (N.D. Ill. June 3, 2005) (staying claims against defendant who was not party to arbitration agreement "pursuant to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants") (quoting *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997)). Here, especially because Kovachev does not oppose LLC's motion, a stay of the entire litigation pending arbitration is warranted. Therefore, the Court grants Pizza Hut and LLC's motions to stay the entire proceedings pending the arbitration between Kovachev and Pizza Hut.

\* \* \*

For the reasons set forth above, Pizza Hut's motion to compel is granted, but the Court leaves it to the arbitrator to decide whether class arbitration is appropriate. Pizza Hut and LLC's motions to stay are also granted.

Entered: August 15, 2013

John J. Tharp, Jr.
United States District Judge